IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRI N. WHITE, et al., | Civil Action No. 1:09-cv-05367 |
| Plaintiffs, | Judge Hon: James B. Zagel |
| v. | Date: October 21, 2009<br>Time: 10:00 a.m. |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | Dept. Courtroom 2503 |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL DEPOSITION OF TERRY CLEMANS AND
APPLICATION FOR ORDER TO SHOW CAUSE RE: CONTEMPT AND
OPPOSITION TO MOTION TO QUASH AND JOINDER IN RESPONDENT JOSE
HERNANDEZ' MEMORANDUM OF LAW**

**I.     INTRODUCTION**

Before this Court is a motion to quash by nonparties Terry Clemans ("Clemans") and Stan Smith ("Smith") who submitted declarations in the *White/Hernandez* actions, but who now seek to shield themselves from depositions that would explore and test their testimony. In his declaration, Clemans makes vague accusations that Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and TransUnion LLC ("TransUnion") have known for years about problems with their credit reporting procedures but did nothing to address them. Clemans leaves out critical details about the basis of his accusations, such as what precisely was said, when it was said, or who said it. Nevertheless, Clemans' incomplete testimony has been used to attack the adequacy of a $45-million class action settlement proposed in the *White/Hernandez* actions.

Clemans offers no basis to quash the subpoena. He asserts that the subpoena is unduly burdensome, but he fails to set forth any facts to show *any* such burden. He also asserts that the

subpoena interferes with the settlement approval process, but he can point to nothing in the *White/Hernandez* record that stays or limits the parties' right to discovery. Nor can he cite to any authority for his suggestion that a settling party must obtain leave of court before conducting discovery during the settlement approval process. [Motion to Quash, 4.] Indeed, this suggestion is disingenuous, as Clemans' own counsel has served six sets of written discovery and four deposition notices in *White/Hernandez*, *without* prior court approval.

The parties have every right to explore the basis for Clemans' testimony and to develop a full record regarding those accusations. Accordingly, this Court should deny the Motion to Quash, grant Defendants' Motion to Compel, and enter an order requiring the parties to meet and confer to schedule Clemans' deposition for a date between November 5 to November 12. The Court also should enter an order to show cause re: contempt for Clemans' refusal to comply with the subpoena.

As stated above, also pending before this Court is a motion to quash by Smith, who – like Clemans – filed a declaration in the *White/Hernandez* actions. Defendants join in Respondent Jose Hernandez' brief opposing the motion with respect to Smith, including the motion to compel his deposition and the application for contempt based on Smith's continuing refusal to appear for deposition. Nevertheless, this brief focuses on Clemans, a witness who has made direct accusations about Defendants and who has resisted Defendants' efforts to schedule his deposition.[1]

---

[1] Indeed, the Defendants participated in a telephonic meet and confer with all parties on September 4, 2009, during which it was clear the parties would not be able to come to an agreement with respect to the depositions of Clemans or Smith. [Declaration of Michael G. Morgan ("Morgan Decl.") ¶ 14.]

**II.     BACKGROUND**

The *White/Hernandez* actions involve allegations that the three national credit reporting agencies – Defendants Experian, Equifax, and TransUnion – failed to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, in the reporting of pre-bankruptcy debts of consumers who received a discharge in a Chapter 7 bankruptcy. The actions are pending before Judge David O. Carter of the Central District of California.

In February 2009, the parties reached an agreement for a class-wide settlement under which Defendants have paid $45 million into a fund to pay claims to class members and other costs, including attorneys' fees. [*See* Declaration of Michael G. Morgan ("Morgan Decl."), Exh. 1.] In April 2009, several of the named plaintiffs (the "Settling Plaintiffs") filed a motion seeking preliminary approval of the settlement. [Morgan Decl., Exh. 1.] The motion did not request a stay of discovery, nor was a stay requested by any of the parties, including Defendants and certain named plaintiffs who object to the settlement ("Objectors"). [Morgan Decl., Exh. 1.] The following month, Judge Carter entered an order preliminarily approving the settlement ("Preliminary Approval Order"). [Declaration of Adam Shaw ("Shaw Decl."), Exh. C.] The order did not stay or limit discovery. [*See* Shaw Decl., Exh. C; Morgan Decl. ¶ 4.]

Two weeks later, the Objectors filed a motion for reconsideration of the Preliminary Approval Order, claiming that the settlement fund should be larger than $45 million. [Morgan Decl., Exh. 2.] In support of the reconsideration motion, the Objectors filed a declaration from nonparty Clemans, the executive director of the National Credit Reporting Association, Inc. [Morgan Decl., Exh. 3.] Clemans testifies that he heard unnamed representatives of Defendants make statements that, he claims, show that Defendants have known about problems with their credit reporting practices for years but failed to take corrective action. [Morgan Decl., Exh. 3, ¶¶ 4-7.] Clemans leaves out many important details: he does not say who made the statements,

when they were made, or what precisely was said. [*See generally*, Morgan Decl., Exh. 3.] Nevertheless, the Objectors rely on his declaration to argue that Defendants willfully violated the FCRA and should be expected to pay more. [Morgan Decl., Exh. 2, 7:23-8:9]. On June 9, Judge Carter denied the Objectors' motion for reconsideration, but stated he would consider the Objectors' challenge to the settlement at the final approval hearing. [Morgan Decl., Exh. 4, 6:5-7.] Again, Judge Carter did not stay discovery or limit the parties' right to depose Clemans.

On August 14, Clemans was served with a subpoena to appear for deposition and produce documents. [Shaw Decl., Exh. B.] The subpoena scheduled the deposition and document production for September 3 in Chicago – less than 28 miles from Clemans' office in Bloomingdale, Illinois. [Shaw Decl., Exh. B; Morgan Decl. ¶ 8.] Counsel for the Objectors, who also claim to represent Clemans, objected to the subpoena and indicated that Clemans would not appear. [*See* Morgan Decl. ¶ 9.] Although Clemans' counsel initially said he did not intend to delay the deposition, he has steadfastly refused to offer any dates. [Morgan Decl. ¶ 10.] Instead, he has conditioned the deposition on a formal agreement of all parties to provide discovery to the Objectors. [Morgan Decl. ¶ 14; Exhs. 5-7.] Defendants have repeatedly advised Clemans' counsel that it is improper to condition the deposition on this basis, but nevertheless has invited him to serve formal discovery. [Morgan Decl. ¶ 14; Exhs. 8, 9.] Clemans' counsel has also insisted that Judge Carter expressly approve the deposition in advance. [Morgan Decl. ¶ 14; Exhs. 5-7.] However, on September 11, Clemans' counsel served four deposition notices and six sets of written discovery on the *White/Hernandez* parties, without prior court approval.

Clemans continues to refuse to offer dates for his deposition.

### III.  ARGUMENT

#### A.  Legal Standard

In seeking to quash or modify a subpoena, Clemans bears the burden of showing that it subjects him "to an *undue burden*." FCRP 45(c)(3)(A)(iv) (emphasis added).[2] The quashing of a subpoena is an extraordinary measure and is usually appropriate only in extraordinary circumstances. *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."). A mere conclusory statement that a subpoena imposes an undue burden – like the unsupported contention made by Clemans here – is not an adequate basis to quash. *See Thayer v. Chiczewski*, 257 F.R.D. 466, 470 (N.D. Ill. 2009) (finding that a "flat statement that the subpoena is burdensome…[a]bsent a showing of actual burden" is not sufficient to avoid enforcement of a subpoena).[3] In evaluating a subpoena, a court must also determine whether the subpoena is reasonable under the circumstances. *See Thayer*, 257 F.R.D. at 469; *Patterson v. Burge*, No. 03 C 4433, 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005). As explained below, the subpoena served on Clemans does not impose any undue burden and is entirely reasonable under the circumstances.

#### B.  The Subpoena Does Not Impose an Undue Burden on Clemans

Clemans has not, and cannot, show that the deposition would unduly burden him. He does not identify *any* burden on him, much less an undue burden. The deposition was scheduled to take place fewer than 30 miles from his office, well within the 100-mile limit required by

---

[2] *See Westinghouse Elec. Corp. v. City of Burlington, Vt.*, 351 F.2d 762, 766-67 (D.C.Cir.1965) (two affidavits filed by appellees were "insufficient to establish that the subpoena was unreasonably burdensome and oppressive."); *Thayer v. Chiczewski*, 257 F.R.D. 466, 470 (N.D. Ill. 2009) (moving party must show actual burden).

[3] *See also CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) ("[B]are representation that [subpoenaed party] knew nothing about the case and that four other deposed …employees knew as much as he did…. is not enough to establish an undue burden under Rule 45 or to show some other exceptional circumstance that would justify prohibiting the deposition altogether.")

Rule 45. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii). And the parties were flexible on scheduling the deposition, but Clemans refused to offer *any* date. [*See* Morgan Decl. ¶ 10, Exh. 6.]

Clemans argues "the Subpoena…should be quashed as unduly burdensome because [it is] an end run around the coordinated final approval process that the Central District of California established in this case." [Motion to Quash, 4.] Notwithstanding that Clemans fails to explain how this imposes an undue burden on *him*, his argument fails because Judge Carter has never imposed any stay or other limitation to the settling parties' right to conduct discovery.

Additionally, there is no authority to support the premise of Clemans' argument, *i.e.*, that a stay of party discovery is implied by entry of the preliminary approval order. Indeed, Clemans' position is belied by the actions of his own counsel, who recently served six sets of written discovery and four deposition notices without obtaining prior leave of court. In any event, we have not found – nor has Clemans' counsel provided – authority holding that a party must obtain an order allowing discovery after preliminary approval. To the contrary, case law makes clear that if settling parties want a stay of party discovery, they should obtain one from the court.[4] Here, no such stay was stipulated to, requested, or entered.[5] [Morgan Decl., ¶ 4.]

---

[4] *See e.g., Vista Healthplan, Inc. v. Bristol-Myers Squibb Co.*, 266 F.Supp.2d 44, 65 (D.D.C. 2003) ("The Settling Parties agree, subject to approval of the Court, that discovery shall be stayed except to the extent discovery is necessary with respect to Third-Party Payor Opt Outs and for purposes of administering and consummating this Settlement Agreement."); *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 172 (E.D.Pa. 2000) ("[T]his court granted joint motions for an order preliminarily approving a partial settlement between plaintiffs and the Ikon defendants… and staying pretrial proceedings, including discovery between plaintiffs and E & Y, pending final approval of the partial settlement…").

[5] Different rules apply to *objectors*, who must obtain leave of court to conduct discovery, in part to prevent settling parties from being unduly burdened with voluminous discovery requests from objectors. *See Hemphill v. San Diego Association of Realtors, Inc.*, 225 F.R.D. 616, 619-620 (S.D. Cal. 2005) ("[O]bjectors…are not automatically entitled to discovery.") However, this same obligation is not imposed on parties.

### C. The Subpoena Is Reasonable Under the Circumstances

Through the subpoena, the settling parties seek relevant, limited, and reasonable discovery. Clemans introduced his declaration *into the record*. Clemans has made unspecific allegations about Defendants, but he leaves out details about what was said, by whom, and when. It is entirely reasonable – indeed, it is fundamental to fairness – that the parties should have the opportunity to test the credibility and basis of the declaration.[6]

Without a deposition, there will be an incomplete record with respect to Clemans' testimony, even though Objectors rely on the testimony to challenge the adequacy of the settlement. For this reason alone, Clemans should be ordered to appear for deposition. *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (noting that in considering a motion to compel a Rule 45 subpoena, a court should evaluate such factors as timeliness, good cause, utility, and materiality and reversing a denial of a motion to compel a deposition on the basis that the deposition testimony was relevant).

Clemans contends "it makes no sense …to treat [him] as [a] non-part[y] subject to subpoena rather than an expert witness to be noticed through the parties and subject to the Central District of California's approval and control." [Motion to Quash, 5.] Not so. Clemans is a percipient witness. His declaration purports to describe what he heard at an industry conference. [Morgan Decl., Exh. 3.] This description is based on Clemans' perception, not expert opinion regarding technical or scientific matters. And even if Clemans were an expert, this would be a distinction without a difference because, as this and other courts have found, "a

---

[6] *See Hina v. Anchor Glass Container Corp.*, No. 2:05-CV-008, 2008 U.S. Dist. LEXIS 41577, at *10 (S.D. Ohio May 22, 2008) (denying a motion to quash subpoena served on defendant employer's counsel who provided a declaration because she "opened the door to her deposition by positioning herself as a substantive witness on a critical issue in this case"); *Wilfong v. Hord*, No. C2-05-746, 2007 U.S. Dist. LEXIS 25137, at *3-6 (S.D. Ohio Apr. 4, 2007) (finding "[i]t would be manifestly unfair to permit a party …to make his or her own factual submission to the Court, and then to prevent the opposing party from testing that factual submission through the discovery process").

subpoena *duces tecum* issued pursuant to Rule 45 is an appropriate discovery mechanism against nonparties such as a party's expert witness." *Expeditors Int'l of Washington, Inc. v. Vastera, Inc.*, No. 04 C 0321, 2004 WL 406999, at *3 (Zagel) (N.D. Ill. Feb. 26, 2004); *see Bueker v. Atchison, Topeka and Santa Fe Ry. Co.*, 175 F.R.D. 291, 292-93 (N.D. Ill. 1997) (explaining method for obtaining the jurisdiction necessary to compel attendance of an expert witness at deposition is the issuance of a subpoena pursuant to Rule 45). Clemans cannot avoid or narrow his obligations by claiming to be an expert.

Finally, it is improper for Clemans to refuse to comply with the subpoena unless and until the parties agree to produce particular discovery to the Objectors. Each party's discovery obligations are independent of another's. *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004) ("A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent.") This is especially improper and unfair here, where Clemans is conditioning compliance with his subpoena obligations on an agreement with parties other than Experian and over whom Experian has no control. In any event, this is a non-issue because Defendants have repeatedly agreed to respond to appropriate discovery.

## IV. CONCLUSION

There is no excuse for Clemans' refusal to comply with this valid and outstanding subpoena. Accordingly, this Court should deny Clemans' Motion to Quash and grant Defendants' Motion to Compel in its entirety. The order should direct Clemans to appear for deposition between November 5 and November 12 and to produce all documents requested in the subpoena immediately. The Court also should grant Defendants' application for an Order to Show Cause re: Civil Contempt pursuant to Rule 45(e). Further, for the reasons stated in

Respondent Jose Hernandez' Memorandum of Law, this Court should deny Smith's Motion to Quash and grant the Motion to compel in its entirety.

                                                              Respectfully submitted,

Dated: September 15, 2009                           JONES DAY

                                                              /s/ Paula S. Quist
                                                               Paula S. Quist (IL Bar No. 6278287)
                                                               pquist@jonesday.com
                                                               77 W. Wacker, Suite 3500
                                                               Chicago, IL 60601
                                                               Telephone:    (312) 782-3939
                                                               Facsimile:     (312) 782-8585
                                                               (Local Counsel)

                                                               Michael G. Morgan (Cal. Bar No. 170611)
                                                               mgmorgan@jonesday.com
                                                               555 S. Flower Street, Floor 50
                                                               Los Angeles, CA 90071
                                                               Telephone:    (213) 489-3939
                                                               Facsimile:     (213) 243-2539

                                                               Attorney for Defendant EXPERIAN
                                                               INFORMATION SOLUTIONS, INC.

Dated: September 15, 2009                           KILPATRICK STOCKTON LLP

                                                               /s/ Cindy D. Hanson
                                                               Cindy D. Hanson
                                                               chanson@kilpatrickstockton.com
                                                               1100 Peachtree Street, Suite 2800
                                                               Atlanta, GA 30309-4530
                                                               Telephone:    (404) 815-6476
                                                               Facsimile:     (404) 815-6555

                                                               Attorneys for Defendants-Respondents
                                                               EQUIFAX INFORMATION SERVICES
                                                               LLC

LAI-3051844v1

Dated: September 15, 2009

STROOCK, STROOCK, & LAVAN LLP

/s/ Stephen J. Newman
Stephen J. Newman
snewman@stroock.com
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959

Attorneys for Defendant
TRANSUNION LLC

# PROOF OF SERVICE

I, Linda Tebeau, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300. On September 15, 2009, I served a copy of the within document(s):

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF TERRY CLEMANS AND APPLICATION FOR ORDER TO SHOW CAUSE RE: CONTEMPT AND OPPOSITION TO MOTION TO QUASH AND JOINDER IN RESPONDENT JOSE HERNANDEZ' MEMORANDUM OF LAW**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*(PLEASE SEE ATTACHED SERVICE LIST)*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 15, 2009, at Los Angeles, California.

/s/ Linda Tebeau

LAI-3051735v1     PROOF OF SERVICE

# WHITE V. EXPERIAN

## *CASE NO. 1:09-CV-05367*

## SERVICE LIST

| | |
|---|---|
| Charles M. Delbaum, Esq.<br>National Consumer Law Center<br>7 Winthrop Square, Fourth Floor<br>Boston , MA 02110<br>617-542-8010<br>Email: cdelbaum@nclc.org | Cynthia B. Chapman, Esq.<br>Caddell and Chapman<br>1331 Lamar, Suite 1070<br>Houston , TX 77010-3027<br>713-751-0400<br>Email: szv@caddellchapman.com |
| David L. Zifkin, Esq.<br>Boies, Schiller & Flexner LLP<br>3907 Ocean Front Walk,<br>Marina del Rey, CA 90292<br>310-408-5462<br><br>Fax: 310-578-6020<br><br>Email: dzifkin@BSFLLP.com | George Y. Nino, Esq.<br>Caddell and Chapman<br>1331 Lamar Street, Suite 1070<br>Houston , TX 77010<br>713-751-0400<br>Email: gyn@caddellchapman.com |
| Paul A. Moore, Esq.<br>(***UNABLE TO SERVE – DO NOT HAVE A CURRENT FIRM OR EMAIL ADDRESS***) | Daniel Wolf, Esq.<br>Daniel Wolf Law Offices<br>1220 N Street NW<br>Suite PH 2<br>Washington , DC 20005<br><br>202-772-1154<br><br>Email:  dan@danielwolflaw.com |
| Michael A. Caddell, Esq.<br>Caddell and Chapman<br>1331 Lamar, Suite 1070<br>Houston , TX 77010-3027<br>713-751-0400<br>Email: mac@caddellchapman.com | Michael W. Sobol, Esq.<br>Lieff Cabraser Heimann and Bernstein<br>275 Battery Street, 30th Floor<br>San Francisco , CA 94111-3339<br>415-956-1000<br>Email: msobol@lchb.com |
| Mitchell A. Toups, Esq.<br>Weller Green Toups & Terrell LLP<br>2615 Calder<br>Suite 400<br>Beaumont , TX 77702<br>409-838-0101<br>Fax: 409-832-8577<br>Email: matoups@wgttlaw.com | Stuart T. Rossman, Esq.<br>National Consumer Law Center<br>77 Summer St, 10th Fl<br>Boston , MA 02110-1006<br>617-542-8010<br>Email: srossman@nclc.org |

LAI-3051735v1

- 1 -

PROOF OF SERVICE

| | | |
|---|---|---|
| 1 | George F. Carpinello, Esq.<br>Adam R. Shaw, Esq.<br>Boies Schiller & Flexner LLP<br>10 North Pearl Street<br>Albany , NY 12207<br>518-434-0600<br>Fax: 518-434-0665<br>Email: gcarpinello@bsfllp.com | Allison Stacy Elgart, Esq.<br>Lieff Cabraser Heimann and Bernstein<br>275 Battery Street, 30th Fl<br>San Francisco , CA 94111-3339<br>415-956-1000<br>Email: aelgart@lchb.com |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | David Boies, Esq.<br>Boies Schiller & Flexner LLP<br>333 Main Street<br>Armonk , NY 10504<br>914-749-8200<br>Fax: 914-749-8300<br>Email: dboies@bsfllp.com | Gino P. Pietro, Esq.<br>Pietro and Associates<br>1605 East 4th Street, Suite 250<br>Santa Ana , CA 92701<br>714-542-5004<br>Fax: 714-542-0815<br>Email: pietrolaw@sbcglobal.net |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | Peter L. Recchia, Esq.<br>Peter L Recchia Law Offices<br>1605 East 4th Street<br>Suite 250<br>Santa Ana , CA 92701<br>714-541-2858<br>Email: attnyrecchia@aol.com | Lee A. Sherman, Esq.<br>Callahan McCune and Willis<br>111 Fashion Lane<br>Tustin , CA 92780<br>714-730-5700<br><br>Email: lee_sherman@cmwlaw.net |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | Julia B. Strickland, Esq.<br>Stephen J. Newman, Esq.<br>Brian Frontino, Esq.<br>Julie Sorenson Stanger, Esq.<br>Stroock Stroock and Lavan<br>2029 Century Park East 18th Fl<br>Los Angeles , CA 90067-3086<br>310-556-5800<br>Fax: 310-556-5959<br>Email: jstrickland@stroock.com | Thomas P. Quinn , Jr, Esq.<br>Nokes and Quinn APC<br>410 Broadway Suite 200<br>Laguna Beach , CA 92651<br>949-376-3500<br>Fax: 949 376 3070<br>Email: tquinn@nokesquinn.com |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | Leonard A. Bennett, Esq.<br>Consumer Litigation Associates<br>12515 Warwick Boulevard, Suite 100<br>Newport News , VA 23606<br>757-930-3660<br>Email: lenbennett@cox.net | Cindy D. Hanson, Esq.<br>Craig E Bertschi, Esq.<br>Kali Wilson Beyah, Esq.<br>Mara McRae, Esq.<br>Kilpatrick Stockton<br>1100 Peachtree Street<br>Suite 2800<br>Atlanta , GA 30309-4530<br>404-815-6470<br>Fax: 404-815-6555<br>Email: chanson@kilpatrickstockton.com |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Charles W. Juntikka, Esq.<br>Charles Juntikka & Associates LLP<br>1250 Broadway 24th Floor<br>New York, NY 10001<br>212-315-3755<br>Fax: 212-315-9032<br>Email: charles@cjalaw.com | Matthew James Erausquin, Esq.<br>Consumer Litigation Associates<br>3615-H Chain Bridge Road<br>Fairfax, VA 22030<br>703-273-7770<br>Fax: 888-892-3512<br>Email: matt@clalegal.com |

Michael Cushing, Esq.
Cushing Law Offices
29 S. LaSalle, Suite 240
Chicago, IL 60603
(312) 726-2323
mcushing@cushinglaw.com