# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5367 | **DATE** | November 12, 2009 |
| **CASE TITLE** | TERRI N. WHITE, et al. v. EXPERIAN INFORMATION SOLUTIONS, INC., et al. | | |

**DOCKET ENTRY TEXT:**

Movants' motion to quash (1) is granted. Motion to compel and to show cause (14) is denied.

## STATEMENT

The underlying case, now pending in the Central District of California, involves claims brought by a class of Plaintiffs against several major credit reporting companies. Plaintiffs discharged their debts through Chapter 7 bankruptcy, but their credit reports continue to show delinquencies. They allege that Defendants did not follow proper procedures for listing or reinvestigating Plaintiffs' debts, in violation of the Fair Credit Reporting Act. In August 2008, Defendants agreed to settlement. In April 2009, class representatives and Defendants filed a motion for class certification and preliminary approval of settlement. In May 2009, the White Plaintiffs filed papers opposing preliminary approval, and the Central District of California court certified a class and granted preliminary approval. The California court did not provide for any discovery in connection with final approval process.

The White Plaintiffs then filed a motion to reconsider, and submitted the declarations of Clemans and Smith, the two witnesses subpoenaed here. It appears that Smith provided expert testimony assessing damages, and Clemans provided fact testimony that he attended certain trade meetings with Defendants and knew of discussions regarding the erroneous debt complained of in the underlying case. The court denied the motion to reconsider. The settlement class then served subpoenas on Clemans and Smith seeking their depositions, CVs, documents generated in connection with their work in this matter, documents reflecting the opinions they have formed, materials they have reviewed in forming their opinions, etc.

Clemans and Smith now move to quash these subpoenas, and their motion is granted. First, the subpoenas may be inappropriate mechanisms to obtain information from Clemans and Smith in their capacity as experts. *Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D. Va. 1992). As the *Marsh* court held,

> Rule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case, and that the discovery of the facts and opinions of those experts cannot obtain solely under Rule 45 where, as here, a bare subpoena duces tecum has issued for the experts' files.

**STATEMENT**

*Id.* at 432. Defense counsel points out that the subpoenas at issue in this case are not naked subpoenas, as they order both the production of documents as well as deposition, and that *Marsh*, in essence, does not apply. Furthermore, Defendant argues, Rule 26 does not apply outside of the pretrial context.

However, even were the subpoenas appropriate under the Federal Rules, I would exercise my discretion to quash the subpoenas. The decision of whether to enforce Rule 45 subpoenas depends, at least in part, on whether there is any reasonable need for them. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv). In this case, I do not believe there is. Even if there were such a need, I would decline to enforce the subpoenas as Judge Carter has both the familiarity with the case and authority required to decide whether further discovery is necessary at this time. And it is his understanding of the issues in this case that count, since it is he who will have to decide whether or not to approve the final class settlement. Faced with the affidavits at issue here, Judge Carter may decide to either (1) disregard them; (2) rely upon some of the statements made by the affiants on the grounds that this is what they would say if they took the stand; or (3) decide to hold a hearing before which further discovery might be needed.

Clearly, the first option requires no discovery, but it seems an unlikely choice in this context. Were Judge Carter to decide that he might rely on some statements attested to in the affidavits, discovery still may not be required. To demonstrate my point, a hypothetical may be helpful here.[1] Suppose an objector to a class settlement files an affidavit in which the affiant swears that while dining at her club, she saw the CEO of the defendant corporation speaking with the class plaintiffs' counsel, and overheard the plaintiffs' counsel offer to "sell out" the class for $2 million, to which the CEO responded "It's a deal." A Judge could decide that the simple fact that a witness has said this under oath necessitates halting the final approval process pending resolution of the matter. And it is possible, or even probable, that in determining whether or not to rely upon the affiant's statements, the Judge may want the affiant to testify in person, since a credibility determination may be crucial to resolving the issue. In that case, there may be little need for discovery. Because Judge Carter is more familiar with what will be material to resolving the issues raised in the affidavits, and what will matter to him when he must decide whether to approve the final settlement, I am granting Movants' motion to quash.

---

1. It is important to note that I have crafted a hypothetical example which I believe to be as far from the facts in this case (as I understand them) as possible.